IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| LOUIS ROY CHAPMAN, | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | Civil Action No.: 7:12cv00389 |
| | ) | |
| v. | ) | |
| | ) | |
| ROMA WILLIS, | ) | By: Hon. Michael F. Urbanski |
| *Counselor- Augusta Correctional Center*, | ) | United States District Judge |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

By Order dated May 9, 2014, this court took under advisement certain portions of defendant Roma Willis' ("Willis") motion in limine, Dkt. No. 118, and plaintiff Louis Roy Chapman's ("Chapman") motion in limine and objections to exhibit list, Dkt. No. 120, pending further filing by the parties. The parties have completed their filings and these matters are now ripe for decision. For the reasons set forth herein, the court rules as follows:

**I.**

The court **GRANTS** defendant's motion to exclude any reference to or evidence pertaining to polygraph examinations. Chapman concedes that any evidence related to passing or taking a polygraph examination cannot be introduced to prove the truth of the polygraph result. Indeed, Fourth Circuit precedent makes clear that "[p]olygraph results are generally inadmissible." United States v. Blake, 571 F.3d 331, 346 (4th Cir. 2009) (citing United States v. Brevard, 739 F.2d 180, 182 (4th Cir. 1984)). However, because "testimony concerning a polygraph examination is admissible where it is not offered to prove the truth of the polygraph result," id. (quoting United States v. Allard, 464 F.3d 529, 534 (5th Cir. 2006)), the court may revisit this ruling should circumstances

arise at trial that permit the introduction of such evidence for a purpose other than proving the truth of the polygraph result.

## II.

Second, the court **GRANTS** plaintiff's motion to exclude evidence of the number of his felony convictions. Impeachment by evidence of a criminal conviction is governed by Federal Rule of Evidence 609, which states in relevant part as follows:

> (a) In General. The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
>
>> (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
>>
>>> (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant[.]

Fed. R. Evid. 609(a)(1)(A).[1] Here, Chapman has been convicted of more than one offense punishable by death or by imprisonment for more than one year, i.e., felonies. Specifically, in 1994 he was convicted of one count malicious wounding, one count of attempted malicious wounding, three counts of abduction, and four counts of use of a firearm in the commission of a felony. All of these convictions relate to single episode of violence.

Willis cites United States v. Burston, 159 F.3d 1328 (11th Cir. 1998), in support of her argument that she should be permitted to introduce the number of Chapman's felony convictions for impeachment purposes. In Burston, the Eleventh Circuit observed that:

> The implicit assumption of Rule 609 is that prior felony convictions have probative value. Their probative value, however, necessarily varies with their nature and number. Evidence of a murder conviction says something far different about a witness' credibility than evidence of a conviction for a minor drug offense, although both may constitute a prior felony conviction. Furthermore, evidence of fifteen murder convictions says something different

---

[1] Plaintiff's convictions did not involve a dishonest act or false statement and are not older than ten years, thus subsections 609(a)(2) and 609(b) are inapplicable.

> about a witness' credibility than evidence of only one such conviction.

United States v. Burston, 159 F.3d 1328, 1335 (11th Cir. 1998) (internal citation and footnote omitted); see also id. at 1336 ("[T]he implicit assumption of Rule 609 is that prior convictions have probative value, and that probative value is likely to vary depending on the number and type of convictions.").

While multiple felony convictions may generally have greater probative value than a single conviction, they also have greater potential for undue prejudice. Thus, as explicitly directed by Rule 609(a)(1)(A), the court must conduct the proper balancing inquiry under Federal Rule of Evidence 403. Indeed, Burston itself recognizes that "[e]vidence that is otherwise admissible under Rule 609(a)(1) is to be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice . . . ." 159 F.3d 1336. Indeed, in United States v. Estrada, 430 F.3d 606 (2d Cir. 2005), another authority cited by Willis, then Judge Sotomayor made clear that district courts are obligated to undertake a careful, individualized Rule 403 analysis in every Rule 609(a)(1)(A) ruling. Id. at 621 ("What is crucial is that the district court perform the Rule 403 analysis[.]").

Although there may be a presumption that the number of plaintiff's felony convictions be admitted for impeachment purposes, courts have, after undertaking a Rule 403 analysis, exercised their discretion to exclude such information. For example, in Chatman v. Buller, No. 12-CV-182-JHP, 2013 WL 4832811 (E.D. Okla. Sept. 10, 2013), the court acknowledged the general principle in favor of admitting the number of a witness's felony convictions, but nevertheless excluded such evidence under Rule 403. Id. at *7-9. In Emery v. Harris, No. 1:10-CV-01947-JLT PC, 2014 WL 467081 (E.D. Cal. Feb. 5, 2014), the court took a similar approach. In that case, the court excluded any evidence of the "date, name, nature, or number" of the plaintiff's felonies, while allowing the defendant to introduce evidence establishing that the plaintiff was a convicted felon. Id. at *2. The

3

court believes the same approach is properly applied in this case as well. Indeed, the balancing factors set forth in United States v. Estrada – a case cited by Willis – support such a result.

First, it is important to note that the decisions cited by Willis relate to impeachment evidence of government witnesses testifying against criminal defendants. See Estrada, 430 F.3d at 619 ("[D]istrict courts should consider, when undertaking the balancing analysis under Rule 609(a)(1), whether the witness is testifying for the defendant or the government."). In that context, there is little risk of undue prejudice. Indeed, the Advisory Committee notes to Rule 609 observe that "[t]he probability that prior convictions of an ordinary government witness will be unduly prejudicial is low in most criminal cases." Id. at 619 (citing Fed. R. Evid. 609 Advisory Committee's Note (1990)). Here, however, there is a risk that Chapman will have his claim questioned by the jury simply based on his status as a convicted felon. Allowing the defense to argue that Chapman is a nine-time felon can only increase the factfinder's skepticism. As such, the risk of undue prejudice for Chapman is higher than it is for the government when a prosecution witness is impeached pursuant to Rule 609(a)(1)(A). Accordingly, in the context of 42 U.S.C. § 1983, courts have proven more willing to exclude the number of a plaintiff witness's felony convictions than with government witnesses against criminal defendants. See Emery, 2014 WL 467081, at *9 (disallowing evidence of the number of a § 1983 plaintiff's felony convictions); Chatman, 2013 WL 4832811, at *9 (same).

Second, Chapman's crimes are crimes of violence, which are well-recognized as being lower on the "scale of probative worth" than other crimes falling with Rule 609(a)(1)(A), such as theft and escape crimes. Estrada, 430 F.3d at 618 (citing United States v. Hayes, 553 F.2d 824, 828 (2d Cir. 1977)). Most importantly, although Chapman has multiple felony convictions, they all relate to a single incident. Thus, although Chapman violated multiple criminal statutes with his actions, he has not evinced the repeated willingness to violate the law over an extended period of time that is typically demonstrated by multiple felony convictions. As such, Chapman's number of felony

4

convictions has relatively less probative value than those of an individual who has engaged in multiple episodes of lawbreaking over a period of time.

To be sure, Willis remains able to impeach Chapman with his status as a convicted felon. As such, the relevant question is whether the probative value of the *additional* information of the number of Chapman's felony convictions is substantially outweighed by the risk of unfair prejudice. That is a very different question from whether the probative value of *any* information regarding Chapman's felonies is substantially outweighed by the risk of unfair prejudice. In short, the court believes that because all of Chapman's felony convictions resulted from a single episode of violence, the probative value of the number of his felony convictions in this civil case is substantially outweighed by the potential for undue prejudice.

### III.

Third, because defendant no longer intends to call plaintiff's prior probation officer, Krista Curry, to testify as to plaintiff's "prior fixation on women," the court **DENIES as moot** plaintiff's motion to exclude that evidence.

### IV.

Finally, the court **TAKES UNDER ADVISEMENT** plaintiff's objections to the defendant's exhibit list as to the counselor log notes from 2003-2008. The court has reviewed these documents, which were filed under seal by defendant pursuant to the court's order. The court cannot discern the purpose for which the documents will be offered at this time and, as such, will permit plaintiff to renew his objection to the admissibility of these notes at trial. Additionally, because defendant has withdrawn Special Agent L.W. Dury's Report of Investigation from her list of potential exhibits, plaintiff's motion as to that exhibit is **OVERRULED as moot**.

An appropriate Order will be entered this day. The Clerk is directed to send a certified copy of this Memorandum Opinion to counsel of record.

Entered: May 23, 2014

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge